Eric J. Fromme, Esq. (State Bar No. 193517)
efromme@tocounsel.com
THEODORA ORINGHER PC
535 Anton Boulevard, Ninth Floor
Costa Mesa, California 92626-7109
Telephone: (714) 549-6200
Facsimile: (714) 549-6201

Attorneys for RUBY'S FRANCHISE SYSTEMS, INC., Debtor and Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>RUBY'S FRANCHISE SYSTEMS, INC., a California corporation,[1]<br><br>　　　　Debtor and<br>　　　　Debtor-in-Possession | Case No. 8:18-bk-13324-CB<br><br>Chapter 11<br><br>**NOTICE OF MOTION FOR ORDER EXTENDING DEADLINE TO ASSUME, ASSUME AND ASSIGN, OR REJECT NONRESIDENTIAL REAL PROPERTY LEASES PURSUANT TO 11 U.S.C. § 365(D)(4); MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF DOUGLAS S. CAVANAUGH IN SUPPORT THEREOF**<br><br>[No Hearing Required Unless Requested per L.B.R. 9013-1(o)(1)] |

**TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE 20 LARGEST**

---

[1] The last four digits of the Debtor's federal tax identification number is 8101.

1150487.2/81621.08002

**UNSECURED CREDITORS, SECURED CREDITORS, AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that RUBY'S FRANCHISE SYSTEMS, INC., a California corporation ("**RFS**" or the "**Debtor**"), hereby moves this Court (the "**Motion**") pursuant to section 365(d)(4) of title 11 of the United States Code (the "**Bankruptcy Code**") for an order extending the time for the Debtors to assume or reject their unexpired non-residential real property leases.[2]

**PLEASE TAKE FURTHER NOTICE** that this Motion is based on the attached Memorandum of Points and Authorities, all judicially-noticeable facts, all other admissible evidence properly before the Court, and any arguments and/or testimony to be presented at any hearing on this Motion.

**PLEASE TAKE FURTHER NOTICE** that, any objection to the Motion and request for a hearing must be in the form prescribed by Local Bankruptcy Rule 9013-1(o)(1) and must be filed with the Clerk of the Bankruptcy Court located at the Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street, Santa Ana, CA 92701 and served on counsel for the Debtor, at the address indicated in the upper left-hand corner of the first page of the Motion, and the Office of the United States Trustee, 411 West Fourth Street, Suite 7160, Santa Ana, CA 92701, within fourteen (14) days after the date of the service of the notice. If a timely response and request for hearing is filed and served, then the Debtor will schedule and give not less than fourteen (14) days' notice of a hearing to those responding and to the Office of the United States Trustee.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 9013-1(o) of the Local Bankruptcy Rules, failure to timely file and serve a response or objection may be deemed to constitute consent to the relief requested by the Debtor in this Motion. If the objection period expires without the filing of a response and request for hearing, then the Debtor will submit to this Court an order for entry without a hearing.

---

[2] The deadlines set forth in this Motion are based on the September 6, 2018 petition date of the Debtor.

This Motion is based upon the attached Memorandum of Points and Authorities and Declaration of Douglas S. Cavanaugh, the record in these cases, and such additional arguments and evidence that may be properly presented to this Court, at, or prior to, any hearing or ruling on this Motion, if such hearing is deemed necessary.

**WHEREFORE**, the Debtors respectfully request that the Court enter an Order (i) granting the Motion, (ii) extending the section 365(d)(4) deadline for an additional 90 days, through and including April 4, 2019, or the date of entry of an order confirming a plan, whichever is earlier, and (iii) stating that nothing contained in the order shall be deemed to authorize the assumption or rejection of any of the Leases.

DATED: January 3, 2019          THEODORA ORINGHER PC

By:  */s/ Eric J. Fromme*
Eric J. Fromme, Esq.
Attorneys for Debtor
RUBY'S FRANCHISE SYSTEMS, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

**A.   Jurisdiction and Venue**

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**B.   Background**

On September 6, 2018, Debtor filed a chapter 11 case (the "**Case**").  No party has requested the appointment of a trustee or examiner in the Debtor's case.  On September 19, 2018, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in the jointly administered case filed by RDI (the "**Committee**").

**C.   Description of the Debtor's Business**

Ruby's Franchise Systems, Inc. ("**RFS**") was incorporated on July 13, 1990.  Its principal business address is 4100 MacArthur Blvd., Suite 310, Newport Beach, California 92660.  Ruby's Diners, Inc. ("**RDI**"), an affiliate of the Debtor through common ownership and control, owns varying percentages of and operates diners in Southern California through its subsidiaries, including through its wholly-owned subsidiary, SoCal Diners.  RDI and its affiliates (referred to from time to time herein as the "**Company**") own, operate and manage restaurants under the trade names "Ruby's®," "Ruby's® Diner," "The Ruby Restaurant Group," "Ruby's® Dinette" and "Ruby's® Shake Shop."  The Company has operated Ruby's® Diner restaurants since its incorporation in 1985 and is known as a purveyor of very popular burgers, fries and shakes.  Debtor and RDI are both owned 60% by Douglas Cavanaugh and 40% by Ralph Kosmides, the founders of the Company (the "**Company Founders**").  RDI is the owner of the Ruby's® trademarks, system and intellectual property (the "**Marks and Intellectual Property**").  Debtor currently serves as the franchisor to the Ruby's® franchisees/licensees, and licenses the Marks and Intellectual Property from RDI as licensor.

1150487.2/81621.08002

**D.    The Plan Support Agreement, DIP Financing and Agreement With the Committee**

The Debtor, after extensive negotiations, has reached agreements in its chapter 11 case which will provide the structure of and funding for a joint plan of reorganization to be filed by the Debtor and related debtor, RDI, an entity affiliated with Debtor through common ownership and control which is a debtor in a separate chapter 11 proceeding pending in front of this Court.

These agreements provide for the provision of debtor-in-possession financing in the amount of Two Million Dollars ($2,000,000) (the "**DIP Financing**") and additional plan funding by Steve Craig, as lender and plan sponsor, for total consideration of at least Four Million Dollars ($4,000,000) (including the DIP Financing) pursuant to a plan support agreement dated August 30, 2018, as amended (defined herein as the "**Plan Support Agreement**").  In addition, the Debtor, and RDI have negotiated and recently reached agreement with the Committee regarding the terms of the plan to be proposed in the Debtor's case and its support for the DIP Financing and the Plan Support Agreement.  In order to have a period of time to obtain Court approval of the agreements with Mr. Craig and the Committee (approval of which will be sought by way the "**DIP Financing Motion**"), and move forward in accordance with such agreements (which will necessarily include a consideration as to the disposition of the Debtors' non-residential real property lease), the Debtor requires a limited extension of the deadline to assume or reject non-residential leases as requested by this Motion.

**E.    The Debtor and its Lease**

The Debtor is a party to one nonresidential real property lease for its principal place of business, located at 4100 MacArthur Blvd., Suite 310, Newport Beach, CA 92660.  The Debtor is seeks to extend the time to assume or reject the "Newport Beach Lease" in which its headquarters are located. The Debtor is in the process of reviewing the lease and believes that it is in the best interests of the Debtor's estate to allow a short extension of the time within which the Debtor may seek to assume or reject the Newport Beach Lease to allow for Court approval of the DIP Financing and assumption of and entry into the Plan Support Agreement.  The Debtor will likely seek to assume the Newport Beach Lease pursuant to the Plan.

Based on the foregoing, the Debtor requests an extension of the section 365(d)(4) deadline through and including April 4, 2019.

## II.

## ARGUMENT

Section 365(d) of the Bankruptcy Code provides that:

> (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of -
>
> (i) the date that is 120 days after the date of the order for relief; or
>
> (ii) the date of the entry of an order confirming a plan.
>
> (B) (i) <u>The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.</u>
>
> (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d)(4) (emphasis added). Thus, the Court can, for cause, order a 90-day extension of the period during which a debtor in possession must assume or reject nonresidential real property leases. A request to extend the 120-day deadline is timely if made prior to the expiration of the deadline. *See In re Victoria Station, Inc.*, 840 F.2d 682, 684 (9th Cir. 1988) (a "proper interpretation of section 365(d)(4) supports the conclusion that there is no express limit to the time within which the bankruptcy court must hear and decide the motion to assume where the trustee, or debtor as in this case timely files."). As the Motion has been filed prior to the expiration of the current deadline, the request is timely.

As to what constitutes "cause" under section 365(d)(4), prior cases remain informative. 3 *Collier on Bankruptcy* ¶ 365.04[4], at 365-48 (15th ed, rev.) ("Prior law interpreting section 365(d)(4) should continue to apply as to the remainder of the issues that arise in the context of assumption or rejection of a nonresidential real property lease."). Many courts have discussed what generally constitutes sufficient cause to extend the time period within which a debtor may assume, assume and assign, or reject an unexpired nonresidential lease. In *In re Wedtech Corp.*, 72 B.R. 464 (Bankr. S.D.N.Y. 1987), the Court cited the following factors, among others, to

1 determine whether "cause" existed:

2     (i)    where the lease is an important asset of the estate, such that the decision to
3 assume or reject it would be central to any plan;

4     (ii)    where the debtor has had insufficient time to intelligently appraise its
5 financial situation and the potential value of the lease in terms of a potential plan; and

6     (iii)    the existence of any other facts indicating the lack of reasonable time to
7 decide whether to assume or assign a lease.

8 *Id.* at 471-72. The Bankruptcy Appellate Panel for the Ninth Circuit endorsed the foregoing

9 multifaceted approach to requests for an extension under section 365(d)(4) of the Bankruptcy

10 Code. *See In re Victoria Station Inc.*, 88 B.R. 231, 236 n.7 (Bankr. 9th Cir. 1988) ("There are

11 numerous important factors in support of and against an extension of time. . . . These factors

12 include, whether the leases are the primary assets of the debtor [and] whether the lessor continues

13 to receive rental payments."), *aff'd*, 875 F.2d 1380 (9th Cir. 1989).

14     In the Debtor's case, cause for the requested extension exists because the Lease is a

15 primary asset of the estate that is currently in the process of being analyzed and is the location of

16 the Debtor's corporate headquarters where it's employees perform their duties and jobs. The

17 Lease will either be assumed or rejected prior to or in connection with the plan process

18 contemplated by the parties' agreement and in accordance with the DIP Financing and Plan

19 Support Agreement. If the requested relief is not granted, the Debtor would be forced to

20 prematurely elect to assume or reject the Lease. The lessors of the Lease will not be prejudiced by

21 the granting of the Debtor's requested extension because the Debtor is subject to satisfying the

22 obligations under the Lease by section 365(d)(3) of the Bankruptcy Code.

23     Based on the foregoing, the Debtor submits that good cause exists for the requested

24 extension and such extension is in the best interest of the estates.

25 ///
26 ///
27 ///
28 ///

1150487.2/81621.08002    4

## III.

## NOTICE

The Debtor is providing notice of this Motion by electronic mail and overnight mail to the following: (a) the Office of the United States Trustee, (b) the Official Committee of Unsecured Creditors in the case of RDI; (c) the twenty (20) largest unsecured creditors in this Case; (d) the parties that file with the Court and serve upon the Debtors request for notice of all matters in accordance with Bankruptcy Rule 2002(i) in the Debtors' cases; (5) the United States of Trustee; (6) the Debtor's secured creditors, and counsel for the secured creditors, if any, in Debtor's case; and (7) the lessors of the Lease.

## IV.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order (i) granting the Motion, (ii) extending the section 365(d)(4) deadline for an additional 90 days, through and including April 4, 2019, or the date of entry of an order confirming a plan, whichever is earlier, and (iii) that nothing contained in the order shall be deemed to authorize the assumption or rejection of any of the Leases.

DATED: January 3, 2019         THEODORA ORINGHER PC

                                By:    */s/ Eric J. Fromme*
                                       Eric J. Fromme, Esq.
                                       Attorneys for Debtor
                                       RUBY'S FRANCHISE SYSTEMS, INC.

## **DECLARATION OF DOUGLAS S. CAVANAUGH**

1.  I am a founder and the Chief Executive Officer ("**CEO**") of Ruby's Franchise Systems, Inc., a California corporation ("**RFS**"), the debtor in the above-captioned chapter 11 case and debtor-in-possession. I have served in the capacity of CEO of RFS since its incorporation in 1990. I am also a 60% shareholder of RFS. Ralph Kosmides owns the other 40% of RFS. Mr. Kosmides and I also own, in the same percentages, Ruby's Diners, Inc., a California corporation ("**RDI**"), an entity affiliated with the Debtors through common ownership and control which is a debtor in a separate chapter 11 proceeding pending in front of this Court. Together, Mr. Kosmides and I are referred to herein as the "**Founders**").

2.  I submit this declaration (the "**Declaration**") in support of the Debtor's *Motion for Order Extending The Deadline To Assume, Assume And Assign, Or Reject Nonresidential Real Property Leases Pursuant To 11 U.S.C. § 365(d)(4)* (the "**Motion**").[3]

3.  On September 6, 2018, RFS filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On September 5, 2018, RDI commenced a separate chapter 11 proceeding.

4.  No party has requested the appointment of a trustee or examiner in the Debtor's case. On September 19, 2018, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in the RDI case (the "**Committee**").

5.  RFS was incorporated on July 13, 1990. Its principal business address is 4100 MacArthur Blvd., Suite 310, Newport Beach, California 92660. RDI, an affiliate of the Debtor through common ownership and control, owns varying percentages of and operates diners in Southern California through its subsidiaries, including through its wholly-owned subsidiary, SoCal Diners. RDI and its affiliates (referred to from time to time herein as the "**Company**") own, operate and manage restaurants under the trade names "Ruby's®," "Ruby's® Diner," "The Ruby Restaurant Group," "Ruby's® Dinette" and "Ruby's® Shake Shop." The Company has operated Ruby's® Diner restaurants since its incorporation in 1985 and is known as a purveyor of very popular burgers, fries and shakes. Debtor and RDI are both owned 60% by Douglas

---

[3] Capitalized terms not defined herein have the meanings ascribed to them in the Motion.

Cavanaugh and 40% by Ralph Kosmides, the founders of the Company (the "**Company Founders**"). RDI is the owner of the Ruby's® trademarks, system and intellectual property (the "**Marks and Intellectual Property**"). Debtor currently serves as the franchisor to the Ruby's® franchisees/licensees, and licenses the Marks and Intellectual Property from RDI as licensor.

6. RDI is the 100% owner and sole and managing member of SoCal Diners. SoCal Diners is the 100% owner and sole and managing member of Quality. SoCal Diners is the general partner and 50% owner, and Quality is the limited partner and 50% owner, of the following California limited partnerships: (1) Ruby's Huntington Beach, which owns and operates a Ruby's® restaurant on the pier in Huntington Beach, California and is one of the SoCal Debtors; (2) Ruby's Oceanside, which owns and operates a Ruby's® restaurant in Oceanside, California and is one of the SoCal Debtors; (3) Ruby's Palm Springs, which owns and operates a Ruby's® restaurant in Palm Springs, California and is one of the SoCal Debtors; and (4) Ruby's Laguna Hills, which owns and operates a Ruby's® restaurant in the Laguna Hill Mall in Laguna Hills, California and is one of the SoCal Debtors.

7. The Debtor and RDI, after extensive negotiations, has reached an agreement in its chapter 11 case which will provide the structure of and funding for a joint plan of reorganization to be filed by the Debtor and RDI. This agreement provides for the provision of debtor-in-possession financing in the amount of Two Million Dollars ($2,000,000) (the "**DIP Financing**") and additional plan funding by Steve Craig, as lender and plan sponsor, for total consideration of at least Four Million Dollars ($4,000,000) (including the DIP Financing) pursuant to a plan support agreement dated August 30, 2018, as amended (defined herein as the "**Plan Support Agreement**"). In addition, the Debtor has negotiated and recently reached agreement with the Committee regarding the terms of the plan to be proposed in the Debtor's case and its support for the DIP Financing and the Plan Support Agreement. In order to have a period of time to obtain Court approval of the agreements with Mr. Craig and the Committee (approval of which will be sought by way the "**DIP Financing Motion**"), and move forward in accordance with such agreements (which will necessarily include a consideration as to the disposition of the Debtor's

1 non-residential real property leases), the Debtor requires a limited extension of the deadline to assume or reject non-residential leases.

8. The Debtor is a party to one nonresidential real property lease for its principal place of business, located at 4100 MacArthur Blvd., Suite 310, Newport Beach, CA 92660 (the "**Newport Beach Lease**"). The Debtor is in the process of reviewing the lease and believes that it is in the best interests of the Debtor's estate to allow a short extension of the time within which the Debtor may seek to assume or reject the Newport Beach Lease to allow for Court approval of the DIP Financing and assumption of and entry into the Plan Support Agreement. The Debtor will likely seek to assume the Newport Beach Lease pursuant to the Plan. Attached hereto as <u>Exhibit A</u> is a chart that contains the details of the Newport Beach Lease that Debtor is seeking to extebd the time to assume or reject and the parties thereto.

9. I believe that cause exists in the Debtor's case because the Lease is a primary asset of the estate that is currently in the process of being analyzed and. The Lease will either be assumed or rejected prior to or in connection with the plan process contemplated by the parties' agreements and in accordance with the DIP Financing and Plan Support Agreement. If the requested relief is not granted, the Debtor would be forced to prematurely elect to assume or reject the Lease.

10. Based on the foregoing, I believe that it is in the best interest of the Debtor's estate to grant an extension of the section 365(d)(4) deadline through and including April 4, 2019 or the date of entry of an order confirming a plan, whichever is earlier.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 3rd day of January at Newport Beach, California.

_____
Douglas S. Cavanaugh

# **EXHIBIT A**

**(Lease)**

| Location | Premises | Lessee | Guarantor | Term End | Lessor |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
| Newport Beach | 4100 MacArthur Blvd., Suite 300, Newport Beach, CA 92660 | Ruby's Franchise Systems, Inc., a California Corporation | Ruby's Franchise Systems, Inc., a California Corporation | June 30, 2019 | Craig Realty Group |

1150487.2/81621.08002

9

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 535 Anton Blvd., 9th Floor, Costa Mesa, CA 92626.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION FOR ORDER EXTENDING DEADLINE TO ASSUME, ASSUME AND ASSIGN, OR REJECT NONRESIDENTIAL REAL PROPERTY LEASES PURSUANT TO 11 U.S.C. § 365(d)(4); MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF DOUGLAS S. CAVANAUGH IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/03/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 01/03/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/03/2019 | Loretta Chapman | */s/Loretta Chapman* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1150487.2/81621.08002        10

## SERVED BY COURT VIA NOTICE OF ELECTRONIC FILING

Alan J Friedman on behalf of Interested Party Alan Friedman
afriedman@shbllp.com; lgauthier@shbllp.com

Michael J Hauser on behalf of U.S. Trustee United States Trustee (SA)
michael.hauser@usdoj.gov

David S Kupetz on behalf of Interested Party
dkupetz@sulmeyerlaw.com; dperez@sulmeyerlaw.com
dperez@ecf.inforuptcy.com; dkupetz@ecf.inforuptcy.com

Jessica G McKinlay on behalf of Creditor Opus Bank
mckinlay.jessica@dorsey.com

Matthew S Walker on behalf of Interested Party Pillsbury Winthrop Shaw Pittman LLP
matthew.walker@pillsburylaw.com; candy.kleiner@pillsburylaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

William Lobel on behalf of Interested Party William Lobel
wlobel@pszjlaw.com; nlockwood@pszjlaw.com; jokeefe@pszjlaw.com; banavim@pszjlaw.com

Richard H Golubow on behalf of Interested Party Richard H Golubow
rgolubow@wcghlaw.com,
pj@wcghlaw.com;jmartinez@wcghlaw.com;Meir@virtualparalegalservices.com

SERVED BY UNITED STATES MAIL

Kenneth Costello
Bryan Cave LLP
PO Box 503089
St. Louis, MO  63150-3089

Hugh M. Saddington
AFP Saddington LLP
18201 Von Karman Ave., Suite 4500
Irvine, CA  92612-1014

Curt C. Barwick
McConnell, Dunning & Barwick
9960 Research Drive, Suite 100
Irvine, CA  92618-4322

Robert J. Galle
19411 Foxdale Circle
Huntington Beach, CA  92648

Ryan Palmer
Gray Plant Mooty
80 South 8th Street
500 IDS Center
Minneapolis, MN  55402

Virginia Croudace
Croudace & Dietrich LLP
2151 Michelson Drive, Ste. 162
Irvine, CA 92612

Kathryn Weber
Jeffrey M. Verdon Law Group
1201 Dove Street, Suite 400
Newport Beach, CA  92660

John W. Spotts
Buckingham Consulting USA
420 West Melrose Street #21BC
Chicago, IL  60657

Tracie Forse
Jackson Tidus A Law Corp.

2030 Main Street, Suite 1200
Irvine, CA 92614

Traci T. Tran
White Nelson Diehl Evans LLP
2875 Michelle Drive, Suite 300
Irvine, CA 92606

Heidi Winkelmann
Meissner Bolte
PO Box 860624
Munich 80538, Germany

Rossell Cibrian-George
Outfront Media, Inc.
PO Box 33074
Neward, NJ 07188-0074

Blake Garcia
Shared Insight Inc.
1501 N. Sepulveda Blvd., Suites E and F
Manhattan Beach, CA 90266

Steven L. Craig
1 Oceancrest
Newport Coast, CA 92657

Hon. Catherine E. Bauer
US Bankruptcy Court
Ronald Reagan Federal Building
5th Floor Bin,
411 West Fourth Street
Santa Ana, CA 92701