Eric J. Fromme, Esq. (State Bar No. 193517)
efromme@tocounsel.com
THEODORA ORINGHER PC
535 Anton Boulevard, Ninth Floor
Costa Mesa, California 92626-7109
Telephone: (714) 549-6200
Facsimile: (714) 549-6201

Attorneys for RUBY'S FRANCHISE
SYSTEMS, INC., Debtor and Debtor-in-
Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>RUBY'S FRANCHISE SYSTEMS, INC., a California corporation,[1]<br><br>      Debtor and<br>      Debtor-in-Possession | Case No.: 8:18-bk-13324 CB<br><br>Chapter 11<br><br>**DEBTOR'S NOTICE OF MOTION AND MOTION FOR AN ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 1121(d), FURTHER EXTENDING THE EXCLUSIVE PERIOD FOR THE SOLICITATION OF ACCEPTANCES OF CHAPTER 11 PLAN; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DOUGLAS S. CAVANAUGH IN SUPPORT THEREOF**<br><br>Date:      November 6, 2019<br>Time:     10:00 a.m.<br>Courtroom: 5D<br>Address:  411 West Fourth Street<br>               Santa Ana, CA  92701 |

**TO ALL PARTIES-IN-INTEREST:**

**PLEASE TAKE NOTICE** that Ruby's Franchise Systems, Inc., a California corporation ("RFS") or ("Debtor") hereby moves this Court (the "Motion") pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code") for an order further extending the Debtor's exclusive period for the solicitation of acceptances of a chapter 11 plan from October 7, 2019 for a

---

[1] The last four digits of the Debtor's federal tax identification number is 8101.

1

period of approximately sixty-four (64) days, to and including December 10, 2019, the proposed hearing date on confirmation of the Debtor's Amended Plan or, if such other date is scheduled by the Court for confirmation of the Amended Plan, until such date.

The Motion is based on the attached Memorandum of Points and Authorities and the Declaration of Douglas S. Cavanaugh (the "Cavanaugh Declaration"), the arguments of counsel, and other admissible evidence properly brought before the Court at or before the hearing on this Motion.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider approval of the Motion will take place on ***November 6, 2019, at 10:00 a.m.*** before the Honorable Catherine E. Bauer, in Courtroom 5D of the United States Bankruptcy Court, located at 411 W. Fourth Street, Santa Ana, California 92701. The hearing may be continued from time to time by announcing such continuance in open court or otherwise, without further notice to parties in interest.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rules 9013-1(c)(2) and (f)(1), any objection or response of a party regarding the approval of the Motion must be filed with the United States Bankruptcy Court, located at 411 West Fourth Street, Santa Ana, California 92701 and served **at least fourteen (14) days before the hearing**, unless otherwise ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), the failure to timely file and serve written opposition may be deemed by the Court to be consent to the granting of the relief requested in the Motion.

DATED: October 4, 2019    THEODORA ORINGHER PC

By: *Eric J. Fromme*
Eric J. Fromme, Attorneys for Ruby's Franchise Systems, Inc. *Debtor and Debtor in Possession*

2

# I.

# STATEMENT OF FACTS

**A.   Jurisdiction and Venue**

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**B.   Background**

On September 6, 2018, Ruby's Franchise Systems, Inc. ("RFS") commenced a chapter 11 proceeding (the "Case").

No party has requested the appointment of a trustee or examiner in the Debtor's case.  On September 19, 2018, the Office of the United States Trustee appointed the Committee in the RDI case.

**C.   The Exclusivity Period**

Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to propose and file a chapter 11 plan (the "Exclusive Filing Period").  Section 1121(c)(3) of the Bankruptcy Code provides that if the debtor files a plan within the 120-day Exclusive Filing Period, it has a period of 180 days after the commencement of the chapter 11 case to obtain acceptances of such plan, during which time competing plans may not be filed (the "Exclusive Solicitation Period").

By Order entered August 1, 2019, the Court, pursuant to section 1121(d) of the Bankruptcy Code, extended the Exclusive Solicitation Period until October 7, 2019, without prejudice to the Debtor's rights to seek additional extensions thereof.  By way of this Motion, the Debtor is seeking an additional approximately sixty-four (64) days, to and including December 10, 2019, the proposed hearing date on confirmation of the Debtor's Amended Plan or, if such other date is scheduled by the Court for confirmation of the Amended Plan, until such date.

**D.   The Debtor's Joint Plan and Disclosure Statement**

On April 24, 2019 the Debtor, together with Ruby's Diner's Inc. ("RDI"), an entity affiliated with the Debtor through common ownership and control, and it's related entities

(collectively, the "RDI Debtors"), filed their Joint Chapter 11 Plan of Reorganization (the "Plan") [RDI Docket No. 344] and their Disclosure Statement Describing Joint Chapter 11 Plan of Reorganization (the "Disclosure Statement") [RDI Docket No. 345]. Objections to the Disclosure Statement were filed by the UST [RDI Docket No. 361], Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") [RDI Docket No. 364] and Opus Bank, Inc. ("Opus Bank") [RDI Docket No. 367].

In an effort to resolve objections of various parties to the Disclosure Statement and Plan, the RDI Debtors, RFS, the Committee, Opus Bank, Pillsbury[2] and U.S. Foods participated in multiple mediations (the "Mediations") with the Honorable Scott C. Clarkson serving as mediator. While the Mediations were helpful and brought the Parties closer to a resolution, including resolutions with Opus Bank and U.S. Foods, negotiations continued following the Mediations and, to that end, on October 1, 2019, the RFS' the RDI Debtors filed their *First Amended Joint Chapter 11 Plan of Reorganization* (the "Amended Plan") [RFS Dkt No. 243 RDI Dkt No. 437], and their *First Amended Joint Disclosure Statement Describing First Amended Joint Chapter 11 Plan of Reorganization* (the "Amended Disclosure Statement") [RFS Dkt No. 244; RDI Dkt No. 438].

A hearing on RFS' the RDI Debtors' *Motion for (A) Approval of First Amended Joint Disclosure Statement; (II) Scheduling of Confirmation Hearing; (III) Approving Form and Manner of Notice of Confirmation Hearing; (IV) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan; and Procedures for Filing Objection to Confirmation of the Plan* is currently scheduled for October 23, 2019.

The Debtor believes the Amended Plan is feasible and confirmable. However, since the hearing on the approval of the Disclosure Statement is not scheduled until October 23, 2019, this does not provide the Debtor with sufficient time to solicit and obtain votes in connection with the Amended Plan by the current Exclusive Solicitation Deadline of October 7, 2019. The Debtor has created a projected confirmation timeline, and based upon that timeline, the Debtor projects that the hearing on confirmation will occur on or about December 10, 2019 and that the effective date of the Amended Plan would occur on or about December 26, 2019. Based on this timeline, the

---

[2] Pillsbury did not participate in all mediation sessions.

4

1182448.1/81621.08002

Debtor seeks an additional approximately sixty-four (64) days, to and including December 10, 2019, the proposed hearing date on confirmation of the Debtor's Amended Plan or, if such other date is scheduled by the Court for confirmation of the Amended Plan, until such date, to solicit and obtain acceptances to the Amended Plan, without prejudice to the Debtor's right to seek further extension of that period as may be appropriate under the circumstances.  The requested extension will to allow the Debtor to seek approval of the Amended Disclosure Statement at the scheduled hearing on October 23, 2019, at which time the Debtor will request that the Court schedule dates and deadlines relating to confirmation of the Plan and solicitation of votes with respect thereto, as follows:

| Event | Date |
|---|---|
| Last Day to Mail Solicitation Packages and Notices | Two (2) business days after the order approving the Disclosure Statement is entered – October 25, 2019 |
| Last Day for Creditors to Deliver Ballots to Balloting Agent | Twenty-five (25) calendar days after the Solicitation Packages are mailed – November 12, 2019 |
| Last Day to Submit Objections to Plan Confirmation | Twenty-five (25) calendar days after the Solicitation Packages are mailed – November 12, 2019 |
| Last Day to Submit Confirmation Brief | Ten (10) calendar days after the Plan objection deadline – November 22, 2019 |
| Last Day to Submit Ballot Summary Report | Ten (10) calendar days after the Plan objection deadline – November 22, 2019 |
| Confirmation Hearing | December 10, 2019 |

This is the Debtor's third request to extend the Exclusive Solicitation Period.

## II.

## CAUSE EXISTS TO GRANT AN EXTENSION OF THE DEBTOR'S EXCLUSIVE SOLICITATION PERIOD

**A.     The Bankruptcy Code Specifically Provides for an Extension of the Exclusive Solicitation Period**

Section 1121(d)(1) and (2) of the Bankruptcy Code allows the Court, on request of a party in interest made within the exclusive period and after notice and a hearing, to increase the 180-day

Exclusive Solicitation Period for cause, up to a maximum of 20 months after the date of the order for relief.[3]  In this regard, Section 1121(d) provides in relevant part as follows:

> (1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section….
>
> (2)(B) the 180-day specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. § 1121(d)(1) and (2).

The Bankruptcy Code does not define the term "cause."  However, the legislative history of section 1121(d) indicates that Congress intended to create a flexible standard pursuant to which a court balances the competing interests of a debtor and its creditors.  *See* H.R. Rep. No. 95-595, at 231–32 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6191 (noting that Congress intended to give bankruptcy courts flexibility to protect a debtor's interests by allowing an unimpeded opportunity to negotiate the settlement of debts without interference from other parties in interest).  The flexibility of section 1121 of the Bankruptcy Code is intended to give a debtor an adequate opportunity to stabilize its business operations at the outset of its chapter 11 case and to negotiate an effective and consensual plan of reorganization with its creditors.  *In re Newark Airport/Hotel L.P.*, 156 B.R. 444, 451 (Bankr. D.N.J.), *aff'd*, 155 B.R. 93 (D.N.J. 1993); *Gaines v. Perkins (In re Perkins),* 71 B.R. 294, 297-98 (W.D. Tenn. 1987).  The decision to extend the exclusive periods for cause is within the sound discretion of the Court, which discretion should be exercised in light of the facts and circumstances of each particular case, and after considering a variety of factors.  *See, e.g.*, *First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986).  In making the determination to grant or deny a request to extend the exclusive periods, courts have considered, *inter alia*, the following factors: (a) the size and complexity of the debtor's case; (b) the necessity of sufficient time to negotiate and prepare adequate information;

---

[3] The requested extension of the Exclusive Solicitation Period in the Debtor's cases is well within the 20-month maximum.

(c) the existence of good faith progress toward reorganization; (d) whether the debtor is paying its postpetition debts as they become due; (e) whether the debtor has made progress negotiating with creditors; (f) the length of time a case has been pending; (g) whether the debtor is seeking an extension to pressure creditors; and (h) whether or not unresolved contingencies exist. *See e.g.*, *In re Express One Int'l,* 194 B.R. 98 (Bankr. E.D. Tex. 1996); *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002) (granting extension based upon progress in negotiations).

The Debtor submits that "cause" exists in this cases, and that the requested extension of the Exclusive Solicitation Period is both appropriate and necessary under the circumstances.

On October 1, 2019, the Debtor filed its Amended Plan and Amended Disclosure Statement. A hearing on the approval of the Amended Disclosure Statement is scheduled for October 23, 2019.

The Debtor believes that Amended Plan is feasible and confirmable. However, since the hearing on the approval of the Disclosure Statement will not be heard until October 23, 2019, there is not sufficient time to solicit the Amended Plan by the current Exclusive Solicitation Deadline of October 7, 2019. Based on the Debtor's projected confirmation timeline, the Debtor anticipates that the hearing on confirmation of the Amended Plan will be scheduled on or about December 10, 2019 and that the effective date of the Amended Plan would therefore be on or about December 26, 2019. Based thereon, the Debtor seeks an extension of approximately sixty-four (64) days, to and including December 10, 2019, the proposed hearing date on confirmation of the Debtor's Amended Plan or, if such other date is scheduled by the Court for confirmation of the Amended Plan, until such date. The requested extension will to allow the Debtor to seek approval of the Amended Disclosure Statement at the scheduled continued hearing on October 23, 2019, and the scheduling of dates and deadlines relating to confirmation of the Plan and solicitation of votes with respect thereto.

In addition, termination of the Exclusive Solicitation Period at this juncture could adversely impact this case. If the Court were to deny the Debtor's request for an extension of the Exclusive Solicitation Period, any party in interest would be free to propose a chapter 11 plan(s) for the Debtor at the same time as the Debtor is actively moving forward with confirmation of the

7

Amended Plan and Disclosure Statement, a process which has the support of the major constituencies and the U.S Trustee. A denial of this Motion could foster a disorderly environment, confuse creditors and other parties in interest, and cause substantial harm to the Debtor's efforts to preserve and maximize the value of its estates. The requested extension of the Exclusive Solicitation Period is thus necessary to provide the Debtor with an unimpeded opportunity to obtain approval of the Amended Disclosure Statement and confirm the Amended Plan.

Moreover, the Debtor is not seeking an extension of the Exclusive Solicitation Period to pressure creditors or other parties in interest. The requested extension is reasonably limited insofar as it provides a window in which votes can be solicited and the Amended Plan could be confirmed by the Court in light of the currently scheduled October 23, 2019 hearing on approval of Disclosure Statement.

Taking into account these considerations, there is ample cause to support the requested extension of the Exclusive Solicitation Period for a period of approximately sixty-four (64) days, to and including December 10, 2019, the proposed hearing date on confirmation of the Debtor's Amended Plan or, if such other date is scheduled by the Court for confirmation of the Amended Plan, until such date.

## III.

## NOTICE

Notice of this Motion has been given to (i) the Office of the United States Trustee; (ii) Opus Bank; (iii) the twenty (20) largest unsecured creditors; and (iv) the parties that file with the Court and serve upon the Debtor request for notice of all matters in accordance with Bankruptcy Rule 2002(i) in the Debtor's case. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

## IV.

## CONCLUSION

Based on the foregoing, the Debtor respectfully submits that cause exists to further extend the Exclusive Solicitation Period pursuant to section 1121(d) of the Bankruptcy Code. The Debtor

8

1182448.1/81621.08002

1  requests an extension of the Exclusive Solicitation Period for a period of approximately sixty-four
2  (64) days, to and including December 10, 2019, the proposed hearing date on confirmation of the
3  Debtor's Amended Plan or, if such other date is scheduled by the Court for confirmation of the
4  Amended Plan, until such date, without prejudice to the Debtor's right to seek further extension of
5  that period as may be appropriate under the circumstances.

8  DATED: October 4, 2019        THEODORA ORINGHER PC

9                                 By: *Eric J. Fromme*
10                                Eric J. Fromme, Attorneys for Ruby's
                                  Franchise Systems, Inc. *Debtor and Debtor*
11                                *in Possession*

1182448.1/81621.08002

## DECLARATION OF DOUGLAS S. CAVANAUGH

1. I am a founder and the Chief Executive Officer ("CEO") of Ruby's Franchise Systems, Inc., a California corporation, the above-captioned debtor and debtor-in-possession ("RFS"). I have served in the capacity of CEO since RFS' incorporation in 1990. I am also a 60% shareholder of RFS.

2. On September 6, 2018, Ruby's Franchise Systems, Inc., a California corporation ("RFS" or the "Debtor"), filed the above-captioned chapter 11 case ("Case").

3. On September 5, 2018, Ruby's Diners, Inc., a California corporation ("RDI"), an entity affiliated with the Debtor through common ownership and control, commenced a separate chapter 11 proceeding.

4. No party has requested the appointment of a trustee or examiner and no committee has yet been appointed or designated in the Case.

5. On September 19, 2018, the Office of the United States Trustee (the "UST") appointed an official committee of unsecured creditors in the RDI case (the "Committee").

6. I submit this declaration (the "Declaration") in support of the Debtor's *Motion for an Order, Pursuant to Bankruptcy Code Section 1121(D), Further Extending the Exclusive Period for the Solicitation of Acceptances of Chapter 11 Plan* (the "Motion").

7. By Order entered August 1, 2019, the Court, pursuant to section 1121(d) of the Bankruptcy Code, extended the Exclusive Solicitation Period until October 7, 2019, without prejudice to the Debtor's rights to seek additional extensions thereof. By way of this Motion, the Debtor is seeking an additional approximately sixty-four (64) days, to and including December 10, 2019, the proposed hearing date on confirmation of the Debtor's Amended Plan or, if such other date is scheduled by the Court for confirmation of the Amended Plan, until such date.

8. On October 1, 2019 the Debtor filed its *First Amended Joint Chapter 11 Plan of Reorganization* (the "Amended Plan") and its *First Amended Joint Disclosure Statement Describing First Amended Joint Chapter 11 Plan of Reorganization* (the "Amended Disclosure Statement").

1182448.1/81621.08002

9. A hearing on approval of the Disclosure Statement has been scheduled for October 23, 2019.

10. The Debtor believes that Amended Plan is feasible and confirmable. However, since the hearing on the approval of the Disclosure Statement will not be heard until October 23, 2019, there is not sufficient time to solicit the Amended Plan by the current Exclusive Solicitation Deadline of October 7, 2019. Based on the Debtor's projected confirmation timeline, the Debtor anticipates that the hearing on confirmation of the Amended Plan will be scheduled on or about December 10, 2019 and that the effective date of the Amended Plan would therefore be on or about December 26, 2019. Based thereon, the Debtor seeks an extension of approximately sixty-four (64) days, to and including December 10, 2019, the proposed hearing date on confirmation of the Debtor's Amended Plan or, if such other date is scheduled by the Court for confirmation of the Amended Plan, until such date. The requested extension will to allow the Debtor to seek approval of the Amended Disclosure Statement at the scheduled continued hearing on October 23, 2019, and the scheduling of dates and deadlines relating to confirmation of the Plan and solicitation of votes with respect thereto.

11. I believe that termination of the Exclusive Solicitation Period at this juncture could adversely impact this case. If the Court were to deny the Debtor's request for an extension of the Exclusive Solicitation Period, any party in interest would be free to propose a chapter 11 plan(s) for the Debtor at the same time as the Debtor is actively moving forward with confirmation of the Amended Plan and Disclosure Statement, a process which has the support of the major constituencies and the U.S Trustee. A denial of this Motion could foster a disorderly environment, confuse creditors and other parties in interest, and cause substantial harm to the Debtor's efforts to preserve and maximize the value of their estates. The requested extension of the Exclusive Solicitation Period is thus necessary to provide the Debtor with an unimpeded opportunity to obtain approval of the Amended Disclosure Statement and confirm the Amended Plan.

12. The Debtor is not seeking an extension of the Exclusive Solicitation Period to pressure creditors or other parties in interest. The requested extension is reasonably limited insofar as it provides a window in which votes can be solicited and the Amended Plan could be

11

1182448.1/81621.08002

confirmed by the Court in light of the currently scheduled October 23, 2019 hearing on approval of Disclosure Statement.

13. Taking into account these considerations, I believe there is there is ample cause to support the requested extension of the Exclusive Solicitation Period for a period of approximately sixty-four (64) days, to and including December 10, 2019, the proposed hearing date on confirmation of the Debtor's Amended Plan or, if such other date is scheduled by the Court for confirmation of the Amended Plan, until such date.

14. No previous motion for the relief sought herein has been made to this or any other Court except as requested in the Debtor's first and second motions to extend the exclusive periods.

15. I believe that the extension of the Exclusive Solicitation Period sought by the Motion is in the best interests of the Debtor's estate, stakeholders, and other parties in interest.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 4th day of October, 2019 at Newport Beach, California.

_____
Douglas S. Cavanaugh

1182448.1/81621.08002

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 535 Anton Blvd., 9th Floor, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S NOTICE OF MOTION AND MOTION FOR AN ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 1121(D), FURTHER EXTENDING THE EXCLUSIVE PERIOD FOR THE SOLICITATION OF ACCEPTANCES OF CHAPTER 11 PLAN; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DOUGLAS S. CAVANAUGH IN SUPPORT THEREOF**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 10/4/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒   Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On 10/4/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒   Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 10/4/2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Catherine E. Bauer
US Bankruptcy Court
Ronald Reagan Federal Building
5th Floor Bin,
411 West Fourth Street
Santa Ana, CA  92701

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/4/2019 | Loretta Chapman | /s/Loretta Chapman |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1182448.1/81621.08002

SERVED BY COURT VIA NOTICE OF ELECTRONIC FILING

Alan J Friedman on behalf of Interested Party Alan Friedman
afriedman@shbllp.com; lgauthier@shbllp.com

Michael J Hauser on behalf of U.S. Trustee United States Trustee (SA)
michael.hauser@usdoj.gov

David S Kupetz on behalf of Interested Party
dkupetz@sulmeyerlaw.com; dperez@sulmeyerlaw.com
dperez@ecf.inforuptcy.com; dkupetz@ecf.inforuptcy.com

Jessica G McKinlay on behalf of Creditor Opus Bank
mckinlay.jessica@dorsey.com

Matthew S Walker on behalf of Interested Party Pillsbury Winthrop Shaw Pittman LLP
matthew.walker@pillsburylaw.com; candy.kleiner@pillsburylaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

William Lobel on behalf of Interested Party William Lobel
wlobel@pszjlaw.com; nlockwood@pszjlaw.com; jokeefe@pszjlaw.com;
banavim@pszjlaw.com

Richard H Golubow on behalf of Interested Party Richard H Golubow
rgolubow@wcghlaw.com,
pj@wcghlaw.com;jmartinez@wcghlaw.com;Meir@virtualparalegalservices.com

14

1182448.1/81621.08002

SERVED BY UNITED STATES MAIL

Kenneth Costello
Bryan Cave LLP
PO Box 503089
St. Louis, MO  63150-3089

Hugh M. Saddington
AFP Saddington LLP
18201 Von Karman Ave., Suite 4500
Irvine, CA  92612-1014

Curt C. Barwick
McConnell, Dunning & Barwick
9960 Research Drive, Suite 100
Irvine, CA  92618-4322

Robert J. Galle
19411 Foxdale Circle
Huntington Beach, CA  92648

Ryan Palmer
Gray Plant Mooty
80 South 8th Street
500 IDS Center
Minneapolis, MN  55402

Virginia Croudace
Croudace & Dietrich LLP
2151 Michelson Drive, Ste. 162
Irvine, CA 92612

Kathryn Weber
Jeffrey M. Verdon Law Group
1201 Dove Street, Suite 400
Newport Beach, CA  92660

John W. Spotts
Buckingham Consulting USA
420 West Melrose Street #21BC
Chicago, IL  60657

15

1182448.1/81621.08002

| | |
|---|---|
| 1 | Tracie Forse |
| 2 | Jackson Tidus A Law Corp.<br>2030 Main Street, Suite 1200 |
| 3 | Irvine, CA  92614 |
| 4 | Traci T. Tran |
| 5 | White Nelson Diehl Evans LLP<br>2875 Michelle Drive, Suite 300 |
| 6 | Irvine, CA  92606 |
| 7 | Heidi Winkelmann |
| 8 | Meissner Bolte<br>PO Box 860624 |
| 9 | Munich 80538, Germany |
| 10 | |
| 11 | Rossell Cibrian-George<br>Outfront Media, Inc. |
| 12 | PO Box 33074<br>Neward, NJ  07188-0074 |
| 13 | |
| 14 | Blake Garcia<br>Shared Insight Inc. |
| 15 | 1501 N. Sepulveda Blvd., Suites E and F<br>Manhattan Beach, CA  90266 |
| 16 | |
| 17 | Steven L. Craig<br>1 Oceancrest |
| 18 | Newport Coast, CA 92657 |
| 19 | Hon. Catherine E. Bauer |
| 20 | US Bankruptcy Court<br>Ronald Reagan Federal Building |
| 21 | 5th Floor Bin, |
| 22 | 411 West Fourth Street<br>Santa Ana, CA  92701 |
| 23 | |
| 24 | Robert S. Marticello<br>Smiley Wang-Ekvall, LLP |
| 25 | 3200 Park Center Drive, Suite 250<br>Costa Mesa, California 92626 |
| 26 | |
| 27 | |
| 28 | |

16

1182448.1/81621.08002